[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11444
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-00042-LAG-TQL-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THYRONE JONES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(February 22, 2021)

Before MARTIN, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Thyrone Jones appeals his conviction for eight counts of distribution of cocaine base and one count of possession with intent to distribute cocaine. Jones presents two arguments on appeal: First, he argues that the district court erred

when it failed to conduct a *Franks*[1] hearing to determine whether the warrant affidavit law enforcement used to obtain a search warrant for Jones's home omitted material information. Second, he argues that the district court erred when it admitted evidence of his prior drug conviction under Federal Rule of Evidence 404(b). After careful review, we hold that the district court did not err in refusing to conduct a *Franks* hearing. And regardless of whether the district court erred in admitting evidence of Jones's prior conviction, any error was harmless. We therefore affirm his conviction on all counts.

## I.     BACKGROUND[2]

A federal grand jury indicted Thyrone Jones on seven counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), one count of distribution of 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).[3] Jones pled not guilty and proceeded to trial. Two evidentiary challenges Jones raised in the district

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978) (holding that defendants have the right to a hearing to challenge a search warrant granted *ex parte* if they can make a substantial showing of the existence of omissions or falsehoods that would have negated probable cause).

[2] Because we write for the parties, who are familiar with the facts, we include only what is necessary to explain our decision.

[3] A co-defendant, Kareda McGee, was indicted along with Jones on three counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). McGee was tried along with Jones, but she is not a party to this appeal. We therefore discuss her conduct or participation in the trial no further.

court are relevant to his arguments on appeal:  his motion to suppress evidence found in a search of his home and his objection to the admission under Rule 404(b) of his agreement to plead guilty to a previous drug crime.

## A. Motion to Suppress Evidence

Before trial, Jones filed a motion to suppress evidence found during a search of his home, as well as all evidence that flowed from the search.  Jones argued that the affidavit law enforcement used to secure the warrant omitted information that might have altered the issuing magistrate judge's determination as to whether there was probable cause for the search.

The complained-of affidavit was that of Pelham Police Department Investigator Rod Williams.  In it, Williams maintained he had probable cause to believe Jones's house contained cocaine, as well as money derived from an illegal drug transaction.  To support this contention, Williams stated that he had investigated Jones using a confidential informant.  Williams detailed how, on seven occasions, the confidential informant purchased crack cocaine from Jones while wearing recording equipment.  The affidavit gave specific details of the most recent transaction, during which Williams surveilled Jones's home to discover "where Jones [was] storing cocaine and proceeds from the sale of cocaine."  Doc. 65-1 at 3.[4]  Williams stated that, after the confidential informant called Jones to

---

[4] "Doc." numbers refer to the district court's docket entries.

arrange a sale, Jones went home and then drove to meet the informant. Jones then returned home after the sale.

In his motion to suppress, Jones urged that the affidavit marshaled insufficient information to establish a nexus between his residence and the alleged illegal misconduct. He argued that "[Williams] deliberately misled the magistrate court judge," Doc. 65 at 6, by stating that Williams observed Jones leave his home and drive "straight to" the location where Jones sold the confidential informant crack cocaine. Doc. 65-1 at 3. This, Jones argued, could not be true given the distance between the two locations and the time between when Jones left his home and when he arrived at the sale. According to Jones, the omission of the 30-minute gap denied the magistrate judge the "opportunity to question" whether Jones retrieved any drugs from his home and therefore whether the home had any real connection to illegal activity. Doc. 65 at 6. He requested a *Franks* hearing to determine whether the warrant was unjustly obtained.

In response, the government argued that Jones had failed to demonstrate that a *Franks* hearing was necessary. Specifically, it maintained that Jones did not show that "false or material omissions were intentionally or recklessly made," as required by *Franks*. Doc. 66 at 4. The district court agreed with the government, concluding that Jones failed to make the required preliminary showing of intentional or reckless disregard for the truth. The district court also determined

4

that even if the warrant affidavit had "contain[ed] [the] objectionable material," there still would have been "sufficient content to support a finding of probable cause" because Jones returned to his home immediately after the recorded transaction and had sold drugs to the confidential informant on multiple occasions. Doc. 67 at 2.

## B. Rule 404(b) Evidence

The second evidentiary challenge relevant to this appeal is Jones's objection to the admission of his plea agreement from a previous drug conviction. Before trial, the government gave notice that it intended to offer evidence contained in Jones's 2006 guilty plea for a controlled substances violation. It did not specify the reason why it was offering the evidence, instead stating that it would be admissible for one of the permitted Rule 404(b) purposes—such as to show motive, intent, or opportunity—depending on Jones's defense at trial. Jones objected when the government asked to enter the evidence at trial, arguing that it was highly prejudicial to his case. The district court overruled the objection without hearing further argument and gave the jury a Rule 404(b) limiting instruction.[5] The government then entered Jones's plea agreement into evidence,

---

[5] Specifically, the court instructed:

You must not consider this evidence to decide if the defendant[] engaged in the activity alleged in the indictment, but you may consider this evidence to decide whether the defendant had the state of mind or intent necessary to commit the crime[,] . . . a motive or opportunity to commit [the crime,] . . . acted according to

read a portion of the agreement to the jury, and rested its case.  The government

did not mention Jones's conviction to the jury again during the trial.  The district

court restated the Rule 404(b) limiting instruction before sending the jury to

deliberate.

The jury found Jones guilty on all counts.  This appeal follows.

## II.    STANDARD OF REVIEW

We review the denial of a *Franks* hearing for an abuse of discretion.  *United*

*States v. Votrobek*, 847 F.3d 1335, 1342 (11th Cir. 2017).  We review the district

court's decision to admit prior crimes or bad acts evidence under Rule 404(b) for

an abuse of discretion.  *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir.

2008).

## III.   DISCUSSION

On appeal, Jones argues that the district court erred in determining that a

*Franks* hearing was unnecessary.  He also maintains that the district court's

decision to admit evidence of his previous conviction was error.  We begin by

explaining why the district court did not abuse its discretion when it determined a

*Franks* hearing was unnecessary.  We then address the district court's decision to

---

a plan or in preparation to commit a crime, or . . . committed [the crime] by accident
or mistake.

Doc. 120 at 70–71.

6

admit evidence of Jones's prior drug conviction.  We conclude that even if the district court erred in admitting this evidence, any error was harmless because of the overwhelming evidence of Jones's guilt.

### A. The District Court Did Not Err by Failing to Hold a *Franks* Hearing.

Jones maintains that the district court should have granted him a *Franks* hearing because Williams omitted material facts from his affidavit in support of the search warrant.  Specifically, Williams did not mention that Jones arrived at the location of the drug transaction 30 minutes after leaving his house.  This, according to Jones, indicates that he may have stopped at one or more undisclosed locations in between his home and the sale site, making the nexus between the sale and his home tenuous.  He argues that if this evidence had been included in the affidavit, the magistrate judge may have denied the warrant, and thus a *Franks* hearing was warranted.  We disagree.

In *Franks*, the Supreme Court held that the Fourth Amendment requires a district court to hold a hearing if a defendant makes a substantial showing that: (1) a warrant affiant made intentionally false or recklessly misleading statements or omissions and (2) those statements or omissions were necessary to the finding of probable cause.  *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978).  To establish probable cause for a search warrant, the affidavit must establish a "fair probability"

that evidence of a crime or contraband will be found in a particular place. *See*

*Illinois v. Gates*, 462 U.S. 213, 238 (1983).

In this case, the district court did not abuse its discretion when it concluded

that probable cause would have existed even if the 30-minute gap was included in

the affidavit. The affidavit contained information about several previous drug

transactions between the confidential informant and Jones. It also stated that Jones

returned to his house immediately after receiving funds in the drug sale. This

information was enough to conclude there was a "fair probability" that, at the very

least, the money Williams gave to the confidential informant to buy drugs would

be in Jones's house. How long Jones took to get to the sale does not diminish the

strength of that nexus. The district court's denial of a *Franks* hearing thus was not

error.[6]

## B. Any Error in the Omissions of Rule 404(b) Evidence Was Harmless.

Jones next argues that the district court abused its discretion when it

admitted the plea agreement from his prior drug conviction. He maintains that the

plea agreement was more prejudicial than probative and should have been

excluded as a result. Although we agree with Jones that his plea agreement had

---

[6] The district court also found that Jones offered no proof to support his contention that the omissions in the affidavit were intentionally or recklessly made. Because Jones's *Franks* argument fails on probable cause prong, we need not address this finding.

limited probative value, we hold that, even if improper, its admission was harmless error.[7]

We recognize a three-part test to determine whether evidence is admissible under Rule 404(b):  (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof that a jury could find by a preponderance of the evidence that the defendant committed the act; and (3) the probative value of the evidence must not be substantially outweighed by undue prejudice.  *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007).  When determining whether the danger of unfair prejudice substantially outweighs the probative value of extrinsic act evidence, we consider:  (1) the government's incremental need for the evidence to prove guilt beyond a reasonable doubt, (2) the similarity of the extrinsic act and the charged offense, and (3) the closeness or remoteness in time between the extrinsic act and the charged offense.  *Ellisor*, 522 F.3d at 1268.

Whether the Rule 404(b) evidence in this case met the three-pronged test in *Ellisor* is a close question.  On the first prong, the government had little incremental need for the evidence.  To prove the eight counts of distributing crack

---

[7] Jones also argues that the government's notice of intent to enter evidence under Rule 404(b) was deficient because it did not specify the purpose for which the evidence was entered. As we explain above, there was ample evidence to support Jones's conviction without this evidence, so any error regarding the notice was harmless. *United States v. Langford*, 647 F.3d 1309, 1323 (11th Cir. 2011).

cocaine, the government submitted video recordings of Jones selling drugs to a confidential informant, the testimony of that informant, and the testimony of the officer who worked with the informant.  To prove the possession with intent to distribute powder cocaine count, the government entered video evidence of Jones's previous drug transactions, along with the drugs and money found during the search of his home.  *United States v. Barron-Soto*, 820 F.3d 409, 417 (11th Cir. 2016) (explaining that prior drug deals can be used as evidence of intent to distribute).  This evidence should have allowed the government to prove Jones's guilt without any mention of his previous conviction.  When the government has a strong case without the extrinsic evidence, fairness dictates that the extrinsic evidence should be excluded.  *United States v. Pollock*, 926 F.2d 1044, 1049 (11th Cir. 1991); *see also United States v. Hernandez,* 896 F.2d 513, 521 (11th Cir. 1990) ("[I]f the government has a strong case on intent without the extrinsic offense . . . then the prejudice to the defendant will outweigh the marginal value of the extrinsic offense evidence and it will be excluded.")  On the second and third prongs, the prior conviction was a long time—approximately 12 years—before the charged transactions, and the factual proffer included little information to establish similarity between the prior and charged transactions.

That said, the strong government evidence that leads us to question the necessity of admitting the plea agreement also leads us to conclude that any error

was harmless. "[E]ven if an evidentiary ruling is erroneous, it will not result in a reversal of the conviction if the error was harmless." *United States v. Langford*, 647 F.3d 1309, 1323 (11th Cir. 2011) (internal quotation marks omitted). "An error is harmless unless there is a reasonable likelihood that it affected the defendant's substantial rights." *United States v. Hands*, 184 F.3d 1322, 1329 (11th Cir. 1999) (alteration adopted) (internal quotation marks omitted). "No reversal will result if sufficient evidence uninfected by any error supports the verdict, and the error did not have a substantial influence on the outcome of the case." *Langford*, 647 F.3d at 1323 (internal quotation marks omitted).

The bulk of the government's evidence against Jones is uninfected by the admission of his plea agreement. This plea agreement was entered at the close of the government's case and was not discussed during its closing argument. Instead, the government relied on the video recordings of the drug transactions, the testimony of the investigator and the confidential informant, and the drugs and money found in Jones's house to argue that he was guilty on all counts. This is ample evidence to allow the verdict to stand. *See id.* Moreover, the district court gave the jury a limiting instruction regarding the Rule 404(b) evidence twice during the trial, and we presume the jury followed this instruction. *See United States v. Pon*, 963 F.3d 1207, 1238 (11th Cir. 2020) (noting that the Supreme Court has repeatedly held that appellate courts must presume that juries follow the

11

district court's instructions). As a result, even if the district court erred in admitting the plea agreement, we cannot say that Jones's substantial rights were affected. Any error therefore was harmless.

## IV.   CONCLUSION

For the above reasons, we affirm the judgement of the district court.

**AFFIRMED.**